■ In the Matter of KRISTIAN-ISAIAH WILLIAM M. and Another, Infants. JESSENICA TERRI-MONICA B., Appellant; JEWISH CHILD CARE AGENCY, Respondent. [972 NYS2d 227]—

Orders of disposition, Family Court, Bronx County (Monica Drinane, J.), entered on or about August 23, 2012, which, following a fact-finding determination that respondent mother had permanently neglected the subject children, and presently, and for the foreseeable future, is unable, by reason of mental illness, to provide proper and adequate care for them, terminated her parental rights, and committed custody and guardianship of the children to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

Clear and convincing evidence, including expert testimony from a court-appointed psychologist who examined the mother for several hours and reviewed her extensive medical history, supports the determination that she is presently and for the foreseeable future unable to provide adequate care for the children, due to mental illness (*see* Social Services Law § 384-b [4] [c]; [6] [a]). The psychologist testified that the mother suffered from schizoaffective disorder, had been hospitalized numerous times for psychiatric conditions, abused alcohol and marijuana, had frequent violent altercations, and lacked insight into her condition (*see Matter of Rosie Shameka S.R. [Tulip S.R.]*, 102 AD3d 480 [1st Dept 2013]). Although the mother had two younger children in her care, the psychologist stated that her mental illness was a chronic condition, characterized by periods of relative stability fluctuating with periods of instability. He also noted that the younger children had been in the mother's care, under court supervision, for a limited time period, and that the addition of the subject children to the household might cause the mother to decompensate.

The finding of permanent neglect is also supported by clear and convincing evidence (*see* Social Services Law § 384-b [7]). The record shows that the agency exerted diligent efforts by assisting the mother in her efforts to obtain suitable housing and referring her to various programs, but that the mother refused to consent to the disclosure of records from service providers, and refused all referrals and housing (*see Matter of Sukwa Sincere G. [Shamiqua Latisha S.]*, 88 AD3d 592 [1st Dept 2011], *lv denied* 21 NY3d 853 [2013]).

A preponderance of the evidence supports the court's determination that it is in the best interests of the children to terminate the mother's parental rights, as she failed to show that she had made any progress in completing the service plan (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). Moreover, the children have been in a loving, supportive, stable

home for most of their lives, and the foster mother wishes to adopt them. Under the circumstances, a suspended judgment is not warranted (*see Matter of Sukwa Sincere G.*, 88 AD3d at 592). Concur—Sweeny, J.P., DeGrasse, Manzanet-Daniels and Clark, JJ.